UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TONY MAURICE WILLIAMS

        PLAINTIFF/CLAIMANT         CASE NO

V.         HON.

UNITED STATES OF AMERICA
CITY OF WARREN POLICE DEPT
DET. CRAIG BANKOWSKI
JOHN DOE

        DEFENDANTS

Amir Makled P76306
Hall Makled, PC
Attorneys for Plaintiff
23756 Michigan Ave., Suite 300
Dearborn, MI 48124
(313) 788-8888
amakled@hallmakled.com

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff/Claimant Tony Maurice Williams, by and through his attorney AMIR MAKLED of Hall Makled, PC, and in support of the instant Complaint says as follows unto this Honorable Court:

**GENERAL ALLEGATIONS**

1. That on April 22, 2019 Defendant Det. Bankowski and another John Doe from the City of Warren Police Department wrongfully seized and confiscated currency in the amount of $57,000.00 from Plaintiff without probable cause

or other legal justification. That on said date, Plaintiff was served with a Notice of Seizure and Intent to Forfeit Plaintiff's lawfully possessed and owned currency. (Exhibit 1).

2. That it is not known whether the City of Warren Defendant officers were properly assigned to federal authorities and deputized. Further, at the time of the seizure, it is unknown whether a federal law enforcement agency had advanced notice and concurred in the seizure.

3. Thereafter, Plaintiff retained counsel and counsel's office herein sent via Certified Mail written communication/demand to the City of Warren Police Department a demand for preservation of evidence, specifically referencing dash-cam and body-cam recordings taken at the time of seizure and advised that a FOIA request was made. (Exhibit 2).

4. That on a date shortly after June 12, 2019, Plaintiff received from U.S. DOJ Drug Enforcement Agency (DEA) a Notice of Seizure of Property and initiation of Administrative Forfeiture Proceedings, dated June 12, 2019. (Exhibit 3) In response thereto, on June 18, 2019, Plaintiff filed the requisite Claim of Interest.

5. That on or about June 19, 2019, Plaintiff properly and timely filed his Claim of Interest with the United States Department of Justice, which notified

Plaintiff that his claim has been properly filed and assigned tracking number 194O-469-B09-CAA. (Exhibit 4).

6. That on January 20, 2020, counsel herein's office submitted via First Class Mail a letter to DEA's Forfeiture Counsel requesting the status of the instant matter/controversy. On February 3, 2020 the Asset Forfeiture Section of the Office of Operations Management at DEA sent a reply stating that the matter has been referred to the Eastern District of Michigan. Exhibit 5.

## JURISDICTION AND VENUE

7. That since the instant matter is brought pursuant to 18 U.S.C. § 983 and 42 U.S.C. § 1983, jurisdiction is proper in this court and conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

8. That venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

## COUNT I:
## VIOLATION OF 18 U.S.C. § 983(a)(3)(B)(ii)

9. That the Government has not instituted an action nor charged Plaintiff pursuant to a criminal indictment containing an allegation that the property is subject to forfeiture.

10. That on several occasions, the Government sought extensions of time to toll the ninety (90) day statute within to file a complaint. Presently, the

Government is outside of the last extension. Again, Plaintiffs property was seized over two (2) years ago.

11. That since the government has not filed a Complaint nor secured an extension to file same:

> "The Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B)

12. That Plaintiff complied will all procedural prerequisites during the pendency of this matter and prior to filing the instant complaint at bar.

13. That further, the instant seizure was not incident to an arrest, nor pursuant to a search warrant, a civil or criminal seizure warrant specifying currency for forfeiture, nor a preliminary order of forfeiture.

WHEREFORE, Plaintiff prays that this Honorable Court ORDER the return of Plaintiff's proceeds together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT II:
## VIOLATION OF 42 U.S.C. § 1983

14. Plaintiff realleges word by word all the allegations contained in the preceding paragraphs and incorporates same by reference as is more fully set forth herein.

15. That Defendants Det. Craig Bankowski and John Doe (hereinafter "Defendant officers") are and at all material times were employed by the city of Warren Police Department.

16. That when the events alleged in this complaint occurred, Defendant officers were acting within the scope of their employment and under the color of law.

17. That at all material times, Defendant City of Warren employed Defendant officers as police officers and is liable for their acts and omissions, and is also liable because of its policies, practices, and customs, which led to the violations alleged in this complaint.

18. That on or about April 22, 2019 on Eight Mile and Ryan Rd, while operating a motor vehicle, Defendant officers stopped Plaintiff under the pretextual claim of operating his vehicle with unlawfully tinted windows.

19. That Plaintiff, upon demand, produced his driver's license, proof of insurance, and registration.

20. The Defendant officers, through radio transmission, confirmed that Plaintiff was operating said vehicle lawfully. Notwithstanding, the Plaintiff was asked if he possessed drugs, which Plaintiff denied.

21. The Defendant officers then demanded to search Plaintiff's vehicle, and Plaintiff advised the Defendant officers that they could not search his vehicle.

22. The Defendant officers, without probable cause, searched Plaintiff's vehicle and seized and confiscated Plaintiff's proceeds in an amount between $52,000 and $56,000.00 thereby violating Plaintiff's right to be free from unreasonable search and seizures as guaranteed by 4th Amendment to the U.S. Constitution.

23. That to date, Plaintiff has not been charged with a criminal offense nor indicted.

24. That despite the fact that plaintiff has not committed a criminal act, Defendant officers, based on information and belief, remitted Plaintiff's proceeds/currency to agents of the U.S. Department of Justice Drug Enforcement Agency.

## COUNT III:
## VIOLATION OF U.S. CONSTITUTION AMEND. IV AND XIV

25. Plaintiff realleges word by word all the allegations contained in the preceding paragraphs and incorporates same by reference as is more fully set forth herein.

26. That Defendant officers violated Plaintiff's constitutionally protected Fourth Amendment rights, including but not limited to:

    a. The right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes freedom from unlawful detention.

    b. The right to be free from unlawful searches and seizure and confiscation of his personal property, inclusive of currency, without due process of law.

    c. Protection for deprivation of life, liberty, and property without due process of law.

27. That upon information and belief, no search warrant was obtained before Plaintiff's currency was seized and confiscated.

28. That Defendant officers were acting under color of state law when they wrongfully searched Plaintiff's vehicle, seized his currency absent probably cause or valid search warrant.

29. That Defendant officers, action under color of state law and in concert with one another, by their conducted, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

30. That as a direct and proximate results of these actions and/or policies, practices, and customs, Plaintiff was deprived of his constitutionally protected rights described above.

WHEREFORE, Plaintiff prays that this Honorable Court Order the return of his wrongfully seized currency, and enter a judgment against Defendants and in favor of Plaintiff, and award Plaintiff costs so wrongfully sustained, inclusive of attorney fees.

        Respectfully submitted,

        /s/Amir Makled
        Hall Makled, PC
        Attorneys for Plaintiff
        23756 Michigan Ave., Suite 300
        Dearborn, MI 48124
        (313) 788-8888
        amakled@hallmakled.com

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury.

        Respectfully submitted,

        /s/Amir Makled
        Hall Makled, PC
        Attorneys for Plaintiff
        23756 Michigan Ave., Suite 300
        Dearborn, MI 48124
        (313)788-8888
        amakled@hallmakled.com

# EXHIBIT 1

| SID-01 | NOTICE OF SEIZURE AND INTENT TO FORFEIT | 04/2017 |
|---|---|---|

| Seizing Law Enforcement Agency: **Warren Police Department** | Complaint/Incident No.: 19-20766 | Date Property Seized: 4-22-2019 |
|---|---|---|
| Seizing Agency Address: LOCATION TO FILE CLAIM **29900 Civic Center, Warren MI 48093** | Phone Number: **586-574-4837** | 20 Day Claim of Interest DEADLINE: |
| Address Where Property Seized: 8 MILE & MACARTHUR | Officer In Charge (OIC): DET. BANKOWSKI | OIC Phone: 586 574-4700 |

Property Description — **DESCRIBE FULLY** (Make / Model / Serial # / VIN / Denomination/Amount of Money)

LARGE AMOUNT OF US CURRENCY

☒ **CONTROLLED SUBSTANCES ACT VIOLATIONS**
You are hereby notified the property described above was seized and are determined subject to forfeiture; it is the intent of the seizing agency to forfeit and dispose of the above described property according to the provisions of MCL 333.7521, et seq. If you or any person with a legal interest in the property wishes to contest the seizure of the property, you **MUST** file a signed written claim with the seizing agency at the above address within 20 days of notice (see above claim deadline). Upon receipt of written claim, the request will be sent to the Macomb County Prosecutor and a civil forfeiture proceeding will be filed against the seized property. The person claiming interest in the seized property **AND** his/her retained attorney may be summoned to appear at a civil forfeiture proceeding in the County of Macomb 16th Circuit Court. If an order of forfeiture is entered, the court may order a person who claimed an interest to pay the expenses of the civil forfeiture proceedings to the seizing agency. **Failure to file a claim of interest within 20 days shall cause the above listed property to be declared forfeited and disposed of according to law.**

☐ **GAMBLING** ☐ **PROSTITUTION (Accosting & Soliciting) LAW VIOLATIONS**
You are hereby notified that it has been determined that the property described above is subject to forfeiture. If you or any person with a legal interest in the property wishes to contest the seizure of the above described property, you must file a written claim with the seizing agency at the above address after receipt of notice. You may be required to post a bond.

☐ **GENERAL FORFEITURE "OMNIBUS" ACT**
You are hereby notified that it has been determined that the property described above is subject to forfeiture pursuant to MCL 600.4701 et. seq. If you or any person with a legal interest in the property wishes to contest the seizure of the above described property, you must file a written claim with the seizing agency at the above address after receipt of notice.

**IMMEDIATELY UPON** receiving this Notice of Seizure and Intent to Forfeit the **OWNER** of the above listed property **MUST contact the Warren Police Special Investigations Division O.I.C.** (see above) **or 586-574-4837** and the **OWNER** may enter into an out-of-court consent agreement to reclaim seized property without delay. An out-of-court consent agreement **acceptable payment is CASH ONLY** exact change and **payable at the Warren Police Department** (2nd Floor) Special Investigations Division **Monday-Friday** (excluding holidays) **8:00 am - 2:30 pm.** In addition, the **OWNER IS RESPONSIBLE** to pay all accrued towing and storage fees and **MUST** be present to retrieve vehicle at (independently owned) tow yard. **Failure to file claim of interest OR enter an out-of-court consent agreement shall cause the listed property to be declared forfeit and disposed of according to law.**

PROOF OF SERVICE
I served a copy of the Notice of Seizure and Intent to Forfeit upon:

| Person Served: TONY MAURICE WILLIAMS | Date Person Served: 4-22-2019 | How Notice is served: ☒ In Person ☐ News Publication ☐ Certified Mail |
|---|---|---|
| Address (Number & Street) of Person Served: 21468 REDMOND AVE | City: EASTPOINTE | State: MI / Zip code: 48021 |
| Name of Server: DET MASSERANG | Date Signed: 4-22-2019 | Signature of Server: [signature] |

**COPY ONE:** Signed by Server and served to defendant
**COPY TWO:** OIC File

**A controlled substance seizure and forfeiture is a CIVIL proceeding and SEPARATE from related criminal proceeding**

# EXHIBIT 2

Cyril C. Hall
Amir I. Makled
Daniel B. Makled

# HALL MAKLED, P.C.
ATTORNEYS AND COUNSELORS AT LAW

Cyril C. Hall
Direct: (248) 431-4890

23756 Michigan Avenue, Suite 300
Dearborn, MI 48124
Telephone 313-788-8888
Facsimile: 313-582-7962

FILE COPY

**May 1, 2019**

**Via: Certified Mail**

Warren Police Department
29900 Civic Center
Warren, MI 48093

          Re:          Tony Maurice Williams
          Complaint/Incident:   19-20766

## DEMAND FOR PRESERVATION OF EVIDENCE

Dear Sir or Madam

    Please be advised that I have been retained to represent Mr. Tony Williams with regards to the seizure that occurred on April 22, 2019 and associated with the above Complaint/Incident number. Please accept this letter as a DEMAND TO PRESERVE all evidence, including all dash-cam and body-cam recordings taken at the time of the seizure. Note that a FOIA requesting said evidence has been submitted via the City of Warren's online FOIA submission form.

    If you have any questions or concerns please feel free to contact my office.

                        Very Truly Yours,

                        Cyril C. Hall

HALL MAKLED, P.C.
Attorneys and
Counselors at Law
23756 Michigan Ave.
Suite 300
Dearborn, MI
48124
(313) 582-7930
FAX (313) 582-7962

1

# EXHIBIT 3



**U.S. Department of Justice**

Drug Enforcement Administration

---

Tony Maurice Williams
21468 Redmond Avenue
Eastpointe, MI 48021

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** June 12, 2019 | **Asset ID Number:** 19-DEA-651165 |
| **Notice Letter ID:** 98814 (use ID when searching for assets during online filing) ||
| **Description of Seized Property:** $57,000.00 U.S. Currency ||
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on April 22, 2019 by the DEA at Warren, Michigan. ||
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 21 USC 881 and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. ||

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

   **TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

   A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
   B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Drug Enforcement Administration (DEA), Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152.  It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice.  See 28 C.F.R. Parts 8 and 9.
   C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.  See 28 U.S.C. § 1746.
   D. **Petition Forms:**  A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm.  If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
   E. **Supporting Evidence**:  Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.
   F. **No Attorney Required:**  You do not need an attorney to file a petition.  You may, however, hire an attorney to represent you in filing a petition.
   G. **Petition Granting Authority:**  The ruling official in administrative forfeiture cases is the Forfeiture Counsel.  The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice.  See 28 C.F.R. § 9.1.
   H. **Regulations for Petition:**  The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.
   I. **Penalties for Filing False or Frivolous Petitions:**  A petition containing false information may subject the petitioner to criminal prosecution under 28 U.S.C. § 1001 and 28 U.S.C. § 1621.
   J. **Online Petition Exclusions:**  If you cannot find the desired assets online, you must file your petition in writing at the address listed above.  For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

# EXHIBIT 4



THE UNITED STATES DEPARTMENT *of* JUSTICE

# Your Claim Has Been Filed

### Filing Information

Your claim, tracking number: **1940-469-B09-CAA**, has been filed at **4:13:48 PM EST** on **Wednesday, June 19, 2019**. You will get a confirmation email to your registration email address once the appropriate agency or agencies receive it. Please print this page for your records.

If you did not receive a confirmation email for the claim you filed, then please visit Claim Frequently Asked Questions (https://www.forfeiture.gov/FilingClaimFAQs.htm) and look under the technical problems question for more information.

Be aware that filing an online claim does not make your filing valid. Your claim will be ruled on by the appropriate agency or agencies and a response will be provided to you via U.S. mail.

You may use your email address and tracking number to log back in and view and/or print your filed form until **Saturday, June 29, 2019**.

### Amendments

If you wish to file an amendment to your filed claim, you must provide your documentation and a written explanation to the appropriate agency via U.S. mail. The agency mailing address can be found at https://www.forfeiture.gov/FilingClaim.htm (https://www.forfeiture.gov/FilingClaim.htm).



# EXHIBIT 5

**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*                                                February 3, 2020


Cyril Hall, Esq.
Hall Makled, P.C.
23756 Michigan Avenue, Suite 300
Dearborn, MI 48124

RE:     DEA Case No.:     I7-17-0163
         Asset I.D. No.:     19-DEA-651165
         Property:     $57,000.00 U.S. Currency
         Judicial District:     Eastern District of Michigan
         Claimant:     Tony Williams

Dear Mr. Hall:

The Drug Enforcement Administration (DEA) has received the submission regarding the above-referenced asset(s). The following information is provided:

The submission has been referred to the judicial district noted above. Please direct all inquiries regarding this matter to that office.

Further correspondence to DEA regarding this matter must reference the DEA case and asset identification numbers noted above and must be addressed to the Forfeiture Counsel, Drug Enforcement Administration, Asset Forfeiture Section, 8701 Morrissette Drive, Springfield, Virginia 22152. Correspondence will be deemed *filed (or submitted)* on the **business** date it is actually received by the Forfeiture Counsel at the address listed above. Correspondence **will not be accepted nor considered filed on weekends or federal holidays,** or when it is received by any other office or official, such as a court, United States Attorney's Office, or local DEA office. In addition, a Claim or Petition is not considered filed or submitted if received by facsimile transmission. Finally, correspondence is not considered filed or submitted on the date it is mailed or delivered to any person for delivery to the Forfeiture Counsel.

Sincerely,

*[signature]*
Asset Forfeiture Section
Office of Operations Management